FILED: October 5, 2006

IN THE SUPREME COURT OF THE STATE OF OREGON

OREGON TELECOMMUNICATIONS ASSOCIATION,
COLTON TELEPHONE COMPANY,
CANBY TELEPHONE ASSOCIATION
and CASCADE UTILITIES, INC.,


Respondents,


v.



OREGON DEPARTMENT OF TRANSPORTATION,


Appellant.



(CC CCV0208620; S50709)



On appeal from the judgment of the Clackamas County Circuit
Court.



Harl H. Haas, Senior Judge.



Argued and submitted May 3, 2004.



Keith L. Kutler, Assistant Attorney General, Salem, argued
the cause and filed the briefs for appellant. With him on the
briefs were Hardy Myers, Attorney General, and Mary H. Williams,
Solicitor General, Salem.



Richard A. Finnigan, Olympia, Washington, argued the cause
and filed the brief for respondents. With him on the brief was
Jennifer Niegel, Duncan, Tiger & Niegel, P.C., Stayton.



Timothy J. Sercombe, Preston Gates & Ellis LLP, Portland,
filed the brief for amicus curiae Northwest Natural Gas Company.



Before Carson,* Chief Justice, and Gillette, Durham,
Riggs,** De Muniz,*** Balmer, and Kistler, Justices.



DURHAM, J.



The judgment of the circuit court is affirmed.




*Chief Justice when this case was submitted.


**Riggs, J., retired September 30, 2006, and did not
participate in the decision of this case.


***Chief Justice when this decision was rendered.




DURHAM, J. 


The issue in this case is whether Article IX, section 3a, of the Oregon
Constitution, which we quote below, authorizes the Oregon Department of Transportation
(ODOT) to use state highway funds to pay administrative expenses that ODOT incurs in
requiring the relocation of utility facilities within a public highway right-of-way. (1) 


Plaintiffs Colton Telephone Company, Canby Telephone Association, and
Cascade Utilities, Inc. (plaintiff utilities) are Oregon corporations that provide
telecommunications services in part through utility facilities installed, with the permission of
ODOT, in the rights-of-way of roads and highways over which ODOT has supervision. They are
members of a trade association, plaintiff Oregon Telecommunications Association (OTA), that
represents local exchange telecommunication companies serving customers in Oregon.


ODOT began several projects to improve certain roads that it supervises. In
connection with those projects, ODOT required plaintiff utilities to relocate their utility facilities
located in the rights-of-way of the affected roads.



When ODOT requires the relocation of utility facilities, it incurs expenses in
conducting planning activities concerning the relocation process. To recover those expenses,
ODOT established by rule a schedule of fees that it charged to plaintiff utilities. Pursuant to that
rule, OAR 734-055-0017, ODOT charged plaintiff utilities the following fees: